UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No. 12-32254
                                                          Chapter 13
BEVERLY JONES,

    Debtor.

## MEMORANDUM OPINION

Before the court is David R. Gangaware's (hereinafter "Gangaware") motion seeking relief from stay. The debtor, Beverly Jones (hereinafter "Jones"), opposes the motion. The parties' dispute requires this court to interpret their contract for the sale and purchase of residential realty located in Montgomery, Alabama. Gangaware contends that as of the time of bankruptcy, Jones' interest in the realty, originally a bond for title, had been terminated and that she remained in possession merely as a hold-over tenant. Jones, on the other hand, maintains that under their contract, title to the property transferred to her and that only a lawful foreclosure could divest her of that title. In short, Jones disputes the notion that her interest in the property was under a bond for title. Upon consideration of the facts and of the law and for the following reasons, Gangaware's motion for relief from stay will be granted.

### Jurisdiction

The court derives its jurisdiction in this matter from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because the issue here involves the termination or modification of the automatic stay, this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(g) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Facts

On October 26, 2012, debtor and creditor submitted a Joint Stipulation of Facts wherein they laid out the following uncontested events. On October 12, 2009, Jones signed a "Contract for Purchase/Sale of Real Estate" ("Exhibit A") and an "Addendum to Paragraph 11, Deed Equity Sale/Assumption" that listed a $149,900 purchase price, a closing date of around October 15, 2009 and a thirty-year payment period. A week later, on October 19, 2009, Gangaware, signed both documents. The following day, on October 20, 2009, Jones and Gangaware each signed three additional documents. First, the parties signed a "Bond for Title" (Exhibit C), next, a "Balloon Bond for Title Note" in the amount of $146,900.00, due and payable in full on November 1, 2011 ("Exhibit D") and finally, another "Balloon Bond for Title Note" in the amount of $8,000.00, due and payable on January 20, 2010 ("Exhibit E").

Jones did not make the November 11 balloon payment and there is no dispute that she has never made the $146,900.00 balloon payment. On June 13, 2012, Gangware sent Jones a "(14) Day Notice of Default" ("Exhibit H"), explaining that if she did not cure her default, the bond for title would terminate and her status in the property would be that of a tenant. On June 28, 2012, after Jones failed to remit payment, Gangaware sent Jones another letter titled "Notice of Noncompliance with Rental Agreement" which unequivocally informed her that any and all rights she once retained under the bond for title were extinguished and she was now a month to month tenant. On July 10, 2012, Gangaware filed an eviction proceeding in the Montgomery County District Court.

On August 30, 2012, Jones filed for bankruptcy and shortly thereafter, on September 17, 2012, Gangaware filed the instant Motion for Relief from Stay so that he might proceed with the eviction in

Montgomery County District Court.  On October 30, 2012, Gangaware and Jones filed a Brief in Support of Motion for Relief from Stay and Memorandum of Law in Opposition of the Creditor's Motion, respectively.  Gangaware maintains that both parties intended the agreement to be a bond for title and that Exhibits A through E are all part of the original contract.  In other words, when Jones signed Exhibits A and B on October 13, 2009, even though they appear to be a standard form sales contract, denoting a purchase price, a closing date and a thirty-year payment period, she knew that she was actually entering a bond for title. Jones, on the other hand, does not discuss what she thought or intended, only that Exhibits A and B, taken alone, could be "interpreted as a mortgage to the debtor." (Debtor's Mem. in Opp.).

In essence, Jones asks the court to find that there was a meeting of the minds only as to Exhibits A and B and that Exhibits C, D and E were not part of the original agreement.  Both parties, however, fail to point out that on the very first page of Exhibit A, under section IV subheading 5, the contract reads:  "This contract is subject to buyer obtaining a loan in the amount of approximately $138,900" and then penciled in immediately thereafter are the letters B.F.T.  There is also arrow in the margins pointing directly at subheading 5. The court takes the acronym B.F.T. to stand for bond for title.

## Legal Conclusions

All parties acknowledge that if the contract were construed as a mortgage, debtor retains an interest of which she can be divested only through foreclosure and the stay should not lift.  Jones and Gangaware likewise agree that if the contract were construed as a bond for title, Jones lost any interest in the property prior to filing for bankruptcy and the automatic stay should lift.  The court's only job then is to determine the intent of the parties at the time they entered their contract.  That is to say, do Exhibits A and B alone represent a meeting of the minds as to a

mortgage, or is the intended agreement better reflected in Exhibits A through H as a bond for title.

"The fundamental determination in the legal construction of contracts is the real intention of the parties. 17 C.J.S. *Contracts* § 49 (1963). The primary rule of construction is that the court must, if possible, ascertain and give effect to the common intention of the parties." *Parr v. Godwin*, 463 So.2d 129, 132 (Ala.1984); *Logan v. Citizens Nat. Bank of Opp*, 460 So.2d 1239, 1242 (Ala. 1984); *Gwaltney v. Russell* 984 So.2d 1125, 1131 (Ala. 2007). When a contract is unambiguous on its face, contract law requires the court to enforce it as written. *P&S Business, Inc. v.South Bell Telephone Co.,* 466 So. 2d 928, 931 (Ala. 1985). Gangaware accurately describes the law on this point in his brief. (Creditor's Brief in Supp. at 1). Where he is wrong, though, is in his assertion that *our* written document "speaks for itself." *See id*. Here, the contract is clearly ambiguous. Exhibits A and B appear to be a standard form mortgage in which Gangaware has filled in the purchase price, closing date and repayment period. Exhibits C through H contain typical bond for title language. The various sections directly contradict one another.

In those cases "where there is uncertainty and ambiguity in a contract, it is the duty of the court to construe the contract so as to express the intent of the parties." *BellSouth Mobility, Inc. v. Cellulink, Inc.,* 814 So.2d 203, 216 (Ala. 2001); *Ex Parte Agee*, 669 So.2d 102, 105 (Ala. 1994); *Walls v. Bank of Prattville,* 575 So.2d 1081, 1083 (Ala.1991); *Weathers v. Weathers,* 508 So.2d 272, 274 (Ala. Civ. App.1987); *Charles H. McCauley Associates, Inc. v. Snook*, 339 So.2d 1011, 1015 (Ala. 1976). Here, Gangaware is an individual homeowner, not a mortgage company, bank or lending institution. He used a form Contract for Purchase that is available on the Montgomery Area Association of Realtors website at http://www.alamls.info/forms/MLSSalesContractApril2008FINAL1.pdf. He penciled in the letters B.F.T. and drew in arrow in the margin to bring it to Jones' attention as she read and signed the document. As such, it

seems clear that, in spite of the dueling sections of the contract, and in spite of the fact that Jones signed Exhibits C through H a few days after she signed Exhibits A and B, the parties intended a bond for title and Exhibits A,B,C,D,E,F,G and H all comprise a single agreement.

## Conclusion

The court finds that the parties entered into a bond for title and not a mortgage. The court further finds that the Jones' interest in the property was extinguished on June 28, 2010, with Gangaware's Notice of Noncompliance With Rental Agreement and before Jones filed for bankruptcy. As such, the Automatic Stay should lift so that Gangaware may resume eviction proceedings in the Montgomery County District Court. Pursuant to Fed.R.Bankr.Proc. 9021, an order consistent with this memorandum opinion will enter separately.

Done this the 21st day of November, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Beverly Jones, Debtor
Michael D. Brock, Debtor's Attorney
Leonard M. Math, Creditor's Attorney
Curtis Reding, Trustee